## IN THE MATTER OF WILLIAM L. O'NEILL.

*Attorneys — must be citizens of the United States.*

No person can be admitted to practice as an attorney or counselor-at-law who is not a citizen of the United States.

MOTION to set aside an order made by the General Term of the Second Department, on the 9th day of May, 1881, admitting Mr. William Lane O'Neil to practice as an attorney and counselor-at-law.

The papers, upon which the order admitting him to practice was made, show that he was born in Ireland in 1846, and emigrated to the United States on February 25, 1881. On February 28, 1881, he filed his declaration of intention to become a citizen of the United States. He had been admitted as an attorney on February 5, 1875, and as a solicitor in chancery on February 9, 1875, and practiced as such in England from the time of his admission to the time of coming to this country.

This motion was made upon the ground that as O'Neill was not a citizen of the United States he could not be admitted to practice here.

*Henry Arden*, for John B. Newman, petitioner.

*Wm. L. O'Neill*, in person, opposed.

BARNARD, P. J. :

An attorney of this court must be a citizen of the United States. This was the practice before the Constitution of 1846. (Graham's Pr., 33.) By the Constitution of 1846, it was provided that "any male citizen of the age of twenty-one years, of good moral character, and who possesses the requisite qualifications of learning and ability, shall be entitled admission to practice in all the courts of this State." (Const. of 1846, art. 6, § 8.) The use of the words "any male citizen" must be held to exclude females and aliens.

By the statute of the State no one can hold a civil office who is not a citizen. (1 R. S., 116, § 1.) Attorneys are public officers. (*Waters* v. *Whittemore*, 22 Barb., 594; *Wallis* v. *Loubat*, 2 Den., 607.) The rule of the Court of Appeals requires an applicant for examination to prove he is a citizen of the United States. (Rule 2.)

The permission to license those who have practiced in another country without examination was not intended to waive the requirement of citizenship. Neither the legislature or the Court of Appeals could so waive it under the Constitution of 1846. The preliminary objection taken by the respondent is one of mere form. Assuming that it is improper for an attorney to make this motion, the suggestion of the subject-matter would call upon the court to order the respondent to show cause why the license irregularly granted should not be revoked. We think that all parties are here for the purpose of determining the question raised.

Order admitting O'Neill as an attorney vacated and license issued thereon revoked.

DYKMAN and CULLEN, JJ., concurred.

Order admitting W. L. O'Neill as an attorney revoked and license vacated.